NORTHWESTERN PORT HURON COMPANY, Respondent, vs. KRUBSACK and another, Appellants.

*October 7—October 25, 1910.*

*Sales: Warranty: Failure to give stipulated notice of dissatisfaction.*

A contract under which a corn shredder was sold, providing that if the purchaser was not satisfied with the machine after it had been put in order by an expert he must, in order to obtain the benefit of the warranties, notify the vendor within three days by registered mail that he was not satisfied and that he demanded a competitive trial, and providing also that all warranties except as to free repairs should be considered as fully satisfied unless the purchaser promptly gave such registered notice, and that no oral notice should be substituted therefor,— was plain and unambiguous, and when the purchaser failed to give such stipulated notice he became remediless as to the warranties.

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge. *Affirmed.*

This action is brought on a promissory note. The defendant *Labs* signed the same as principal and the defendant *Krubsack* as guarantor. The note was given for a corn shredder purchased by the defendant *Labs* from the plaintiff. The defense interposed was that the machine was sold

under a warranty as to material, workmanship, and efficiency; that the machine did not comply with the contract of warranty; that the purchaser duly rescinded the same; and that the consideration for the note in suit had wholly failed. The defendant *Labs* also counterclaimed for damages for freight paid and money expended in endeavoring to get the machine to work, and for loss of profits. The jury returned a special verdict in the case, upon which judgment was entered for the plaintiff. The other material facts will be found in the opinion.

For the appellants there was a brief by *Agnew & Evans,* and oral argument by *N. W. Evans.*

*John A. Kelly,* for the respondent.

BARNES, J. The special verdict in this case contained twenty questions, but one of which was answered in favor of the plaintiff. The unusual thing happened, however, in that plaintiff was awarded judgment on the verdict. By the answer to this question it was found that the defendant *Labs* did not send a notice to plaintiff by registered mail demanding a competitive trial between the machine purchased and some other machine which he might select. The appellants contend (1) that the evidence is insufficient to support this finding of the jury, and (2) that in any event they are entitled to judgment on the verdict.

1. In reference to the first contention, it may be said that *Mr. Labs* testified positively that he mailed the notice and that the evidence to the contrary is rather weak. But no copy of the letter was produced. The registry receipt received when the notice was mailed was not produced, and neither was the return receipt or the record at the postoffice in reference to the registered letter. In addition to this, an employee in the mailing department of the plaintiff testified that no such notice was received. This court cannot say that

the jury was not warranted in finding as a fact from this evidence that *Labs* did not mail the notice.

2. The corn shredder was sold under a warranty that it would "shell as little and husk as fast, doing the work well, and properly shredding the stalks, as any husker-shredder in the world." The machinery was also warranted to be first class in materials, workmanship, and finish. The contract then provided that if at the end of the first day's use the purchaser was unable to operate the machine well, immediate notice was to be given by registered letter to the plaintiff, stating wherein the machine failed to fulfil the warranty. The plaintiff on its part agreed, on receipt of such notice, to send an expert to put the machine in first-class running order. If the purchaser was not satisfied with such machinery after it was put in order by the skilled workman sent for that purpose, then, in order to obtain the benefit of the warranties, the purchaser was obliged within three days thereafter to notify the plaintiff by registered mail that he was not satisfied with the machine and that he demanded a competitive trial. If on such trial the machine failed to comply with the warranty, the plaintiff agreed that the contract should be rescinded and the machine taken back and the purchase price refunded to the purchaser. The contract of warranty also contained the following clause:

"All of the warranties except as to free repairs shall be considered as fully satisfied unless the purchaser promptly gives the registered notices herein required, and it is expressly agreed that six days' retention from the first day's use of said machinery shall be conclusive evidence of the fulfilment of these warranties," etc.

The machine did not work to the satisfaction of the purchaser and the plaintiff was notified to that effect. The agent who sold the machine first attempted to put it in satisfactory running order, and thereafter an expert came from the factory for the same purpose and concluded his work on

November 26th. *Mr. Labs* testified that on November 28th he sent the notice referred to by registered mail. The finding of the jury makes it a verity in the case that the notice demanding a competitive trial was not sent.

But it is argued that it was unnecessary to give this notice in writing because it was given orally to plaintiff's expert; because the machine was not in fact put in order as contemplated by the warranty; because the plaintiff's agent on November 26th agreed to send certain repairs for the machine; and because the testimony showed that the machine was practically worthless. These claims are not entirely consistent with each other. The testimony shows, without contradiction, that the machine was run the greater part of November 26th under the direction of the expert. The parties do not disagree as to what transpired at the close of the day. *Labs* claimed that the machine did not fulfil the warranty and that he was not satisfied with it. The company's expert, on the contrary, claimed that the machine was all right and that it belonged to the defendant. The defendant testified that he told the agent of the plaintiff that if this was his position he would rig up an old shredder which he had and ask for a competitive trial. The evidence clearly shows a situation where one of the parties claimed that the warranty was complied with and the other claimed that it was not. The precise situation was presented which the warranty contemplated. If the purchaser was dissatisfied with the work which the machine did, his contract required him to give a notice within three days demanding a competitive test. In the event of his failure to give such notice he became remediless under the terms of his contract. The evidence fails to disclose that the plaintiff admitted that the machine was not in condition to enter into a competitive trial or that the extra pieces which were to be sent were at all necessary in order that such trial should be made. The evidence is very vague as to the character of the pieces of machinery that were to be

sent, but leaves the impression that they were merely extra parts to be used in case of breakdowns. The contract of warranty here involved is one that looks reasonable enough on its face, but is one under which it is very difficult for a purchaser to protect himself in the event of his being supplied with a worthless machine. However, courts cannot make contracts for parties, and where contracts, such as the one under consideration, are plain and unambiguous, it is the duty of the courts to enforce them. It seems clear that it was incumbent upon the defendant *Labs,* if he desired to protect himself, to give the notice by registered mail called for by the contract. That contract specifically provided that no verbal notice given to any agent or representative of the company should conclude it or should take the place of or be a substitute for the written notice called for by it. Neither of the points relied on for reversal of the judgment is well taken.

*By the Court.*—Judgment affirmed.