BRAUMAN PAPER COMPANY, a Wisconsin Corporation, Plaintiff,

v.

CONGOLEUM CORPORATION, a foreign corporation, and Barclays American Business Credit, Inc., a foreign corporation, Defendants.

No. 81–C–1141.

United States District Court, E.D. Wisconsin.

Sept. 14, 1981.

Joseph P. Holman, Duffy, Holman, Peterson & Weiting, Green Bay, Wis., for plaintiff.

Andrew O. Riteris, Michael, Best & Friedrich, Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

Plaintiff Brauman Paper Company (Brauman), a Wisconsin corporation with its principal place of business in Green Bay, Wisconsin, instituted this action in the Circuit Court for Brown County, seeking injunctive relief against defendants Congoleum Corporation (Congoleum) and Barclay American Business Credit, Inc. (Barclay), foreign corporations with their principal offices located in New Jersey and Connecticut respectively. The state court issued an *ex parte* temporary injunction on August 17, 1981, enjoining defendant Congoleum from granting a distributorship to Mittco, Inc., a Milwaukee firm, and enjoining defendant Barclay from making payments on behalf of plaintiff against Barclay's guaranty agreement with Congoleum. Thereafter, defendant Congoleum removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. Presently before the Court are Congoleum's motion to dissolve the temporary restraining order and plaintiff's motion for a preliminary injunction. On September 4, 1981, the Court held a hearing on these motions, after which it declined to make a ruling; instead, the Court continued the hearing until September 10, 1981 to allow the parties an opportunity to file further affidavits.

The prerequisites for issuance of a preliminary injunction are set forth clearly in *Fox Valley Harvestore, Inc. v. A.O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir.1976):

> (1) The plaintiffs have no adequate remedy at law and will be irreparably harmed if the injunction does not issue;

> (2) the threatened injury to the plaintiffs outweighs the threatened harm the injunction may inflict on the defendants;

> (3) the plaintiffs have at least a reasonable likelihood of success on the merits; and

> (4) the granting of a preliminary injunction will not disserve the public interest.

Because a preliminary injunction is an extraordinary remedy, plaintiff must carry its burden of persuasion as to all of the prerequisites. *Id.* Under the circumstances of this case, it will be necessary for the Court to address only the third prerequisite for issuance of a preliminary injunction. Because it appears that plaintiff does not have a reasonable likelihood of success on the merits of its claim against either defendant, the Court will deny plaintiff's motion for a preliminary injunction.

## I.  BACKGROUND

This case arises under the Wisconsin Fair Dealership Law, Wis.Stat. Ch. 135. Plaintiff is a "dealer" and defendant Congoleum is a "grantor" within the meaning of the Fair Dealership Law. In February of 1975, Congoleum granted to plaintiff distribution rights as a dealer to sell Congoleum floor covering products. These dealership and distribution rights are still in effect and have not been terminated. There is no indication that Congoleum has sought to terminate these rights. Congoleum has not given notice of termination or change of dealership to plaintiff as provided under Wis.Stats. § 135.04.

In June of 1981, a group of investors formed a corporation known as Team, Inc. and obtained an agreement from plaintiff to transfer to it plaintiff's floor covering inventory, conditioned upon approval by defendant Congoleum for the transfer of the dealership from plaintiff to Team, Inc. Representatives of Team met with officials of Congoleum to discuss approval of the transfer. In July, Congoleum informed Team that it had decided not to approve the application for transfer. Congoleum also informed representatives of Team that it had decided to grant a dealership to Mittco, Inc. of Milwaukee.

Defendant Barclay's role in this case stems from a guaranty agreement entered into between it and Congoleum. Prior to November 6, 1980, plaintiff had arranged for a loan from Aetna Business Credit, Inc., now known as Barclay American. In consideration for Congoleum's release of a security interest in merchandise, Barclay agreed to guarantee payment for merchandise shipped by Congoleum to plaintiff, not to exceed $100,000.00. Barclay then set aside $100,000.00 of its loan to plaintiff to cover the guaranty. Defendant Congoleum now seeks payment from Barclay pursuant to the guaranty.

Plaintiff seeks injunctive relief against defendant Congoleum in the form of an order prohibiting Congoleum from appointing Mittco as its dealer. Plaintiff also seeks an order prohibiting defendant Barclay from paying Congoleum in accordance with the guaranty agreement. The plaintiff's claims against the two defendants will be discussed separately below.

## II.  CONGOLEUM CORPORATION

Plaintiff's claim against Congoleum is founded upon Wis.Stat. § 135.03, which provides:

> No grantor, directly or through any officer, agent or employe, may terminate, cancel, fail to renew or substantially change the competitive circumstances of a dealership agreement without good cause.

Plaintiff asserts that Congoleum's granting of a dealership to Mittco will substantially change the competitive circumstances of the dealership agreement. In support of its assertion, plaintiff has submitted affidavits indicating that Mittco competes in the floor

covering market in northern Wisconsin and the upper peninsula of Michigan, the same area served by plaintiff. Although plaintiff concedes that the original dealership was silent as to the territory to be covered by plaintiff, it contends that the course of dealing between the parties since 1975 supports the implication of an exclusive agreement.

In *California Wine Assn. v. Wisconsin Lumber Co.,* 20 Wis.2d 110, 121, 121 N.W.2d 308 (1962), the Wisconsin Supreme Court held that an exclusive dealership could be implied from the conduct of the parties where there was no express contract with respect to exclusivity. Whether there is an exclusive agreement in the present case is crucial to plaintiff's claim against Congoleum. If the dealership agreement is not exclusive, then Congoleum's appointment of a new dealer will not "substantially change the competitive circumstances of the *dealership agreement.*" Wis.Stat. § 135.03 (emphasis added). "Dealership," as defined in section 135.02, "means a contract or agreement . . . ." Thus, the appointment of a new dealer will not change the competitive circumstances of the *dealership agreement* of an existing dealer unless that agreement provides for exclusivity. Although the Wisconsin Supreme Court has not yet had an opportunity to interpret section 135.03 in this manner, lower courts in the state have indicated that this interpretation of the statute is proper. *See, e.g., Ed Phillips & Sons Madison, Inc. v. Ed Phillips & Sons Co.,* (CCH) Trade Reg.Rep. ¶ 60,106 (Wis. Cir.Ct. Dane Cty.1975); *Edison West Liquor Co., Inc. v. Fleischmann Distilling Co.,* Dock. No. 469–642 (Wis.Cir.Ct.Milw.Cty. July 18, 1979).

The record before the Court indicates plaintiff's dealership agreement with Congoleum is neither expressly or impliedly exclusive. When Congoleum first granted a dealership to plaintiff in 1975, Congoleum already had one dealer in Wisconsin, a firm known as Rauschenberger Floor Covering. When Rauschenberger, a Milwaukee company, went out of business in 1979, Congoleum appointed another Milwaukee firm, Neidhoeffer and Company, to be a dealer.

Plaintiff acknowledges that there has always been more than one dealer in Wisconsin, but states in its affidavits that it has never directly competed with the other dealer. Rather, it asserts that it "developed a dominant position in the sale of Congoleum products North of Green Bay, Wisconsin and [in] the upper peninsula of Michigan." (Affidavit of David Burrows, President of Brauman Paper Co., at 2). In its reply brief, plaintiff argues that its dealership agreement, "if *not* exclusive, was exclusive to plaintiff and Neidhoeffer." (Reply Brief at 3) (emphasis original).

However, additional affidavits submitted on behalf of defendant indicate there has been another Congoleum dealer doing business in Wisconsin. Lowy Enterprises of Minnesota, Inc., located in New Brighton, Minnesota, employs a salesman who resides in Danbury, Wisconsin and who, in the normal course of his work as a salesman, has solicited business from retailers in northern Wisconsin and the upper peninsula of Michigan since 1974. Lowy also has a Minneapolis-based salesman who has solicited business from retailers in southwestern Wisconsin since 1969. The affidavit submitted by Lowy asserts that the company has been in direct competition with plaintiff in northern Wisconsin and the upper peninsula of Michigan.

Moreover, an affidavit submitted by the vice-president of Neidhoeffer states that Neidhoeffer has a salesman residing in Green Bay who solicits business in northern Wisconsin and the upper peninsula of Michigan. The affidavit also states that Neidhoeffer has a salesman in Waupaca who solicits business in central and northern Wisconsin. Contrary to the assertion of plaintiff, the affidavit states that Neidhoeffer has competed with plaintiff for sales of Congoleum products.

Plaintiff has filed an affidavit in response to those filed by Neidhoeffer and Lowy asserting that there has been no real competition with the two companies. As to the Minnesota firm, plaintiff claims that "the line of demarcation for sales of Congo-

**4**

leum was State Highway 13 (from Ashland to Wisconsin Dells)" and that "[t]he territory West of that line was covered by Minneapolis distributors and East of that line by Brauman." Plaintiff offers no explanation for how that dividing line was established. Furthermore, plaintiff's briefs make no mention of the division, but rather refer to its territory as "northern Wisconsin."

Considering the record as a whole, the Court is doubtful that an implied exclusive dealership agreement exists. Because it is the plaintiff's burden to show an exclusive dealership agreement implied in fact "by the great weight and clear preponderance of the evidence," *Ed Phillips & Sons, supra,* at 65,218, the Court must conclude that no such agreement exists. Under the circumstances, Congoleum's appointment of Mittco as a distributor will not cause a substantial change in the competitive circumstances of plaintiff's dealership agreement. Because plaintiff has failed to show that it has a reasonable likelihood of success on the merits, the Court hereby denies plaintiff's motion for a preliminary injunction against defendant Congoleum.

### III. BARCLAY AMERICAN

■ Plaintiff seeks to enjoin defendant Barclay from making payments to Congoleum pursuant to the guaranty agreement entered into by the two defendants. Barclay has not taken an active role in the litigation thus far because it has no real interest in the outcome. Thus, Barclay has not filed a brief with respect to plaintiff's motion for a preliminary injunction. Defendant Congoleum, however, does have an interest in the Court's resolution of plaintiff's motion to enjoin Barclay and accordingly has argued that the motion should be denied.

Plaintiff does not state any legal theories upon which it bases its claim for injunctive relief against Barclay. Rather, it merely states that it has certain offsets and claims against Congoleum which ought to be taken into account before Barclay makes any payments to Congoleum. Plaintiff does not allege that making such payments would violate the guaranty agreement or loan agreement. Furthermore, the guaranty agreement provides that Barclay may assert any defenses or offsets that plaintiff might have against Congoleum. Thus, it appears that plaintiff does not have a likelihood of success on the merits with respect to its claim against Barclay. Moreover, it appears that any injury that might be suffered by plaintiff would not be irreparable, but rather could be redressed in a court of law. Therefore, the Court hereby denies plaintiff's motion for a preliminary injunction against defendant Barclay American.

In summary, the Court denies plaintiff's motion for a preliminary injunction against defendants Congoleum Corporation and Barclay American Business Credit, Inc. It is unnecessary for the Court to address defendant Congoleum's motion to dissolve the temporary restraining order, which dissolved by its terms at 5:00 P.M. on Friday, August 11, 1981.