**Jack G. KINN, d/b/a Kinn Motors Marine, Plaintiff,**

v.

**COAST CATAMARAN CORPORATION, a foreign corporation, Defendant.**

**Civ. A. No. 82–C–661.**

United States District Court,
E.D. Wisconsin.

March 14, 1984.

Bruce R. Bauer, Quarles & Brady, Milwaukee, Wis., for plaintiff.

Andrew O. Riteris and Susan R. Robertson, Michael, Best & Friedrich, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

In this action under Wisconsin's dealership laws, Wis.Stat. §§ 135 *et seq.*, the defendant has moved for summary judgment. On March 2, 1984, oral argument was heard on the motion. For the following reasons, the motion will be granted.

The plaintiff Jack G. Kinn does business as a sole proprietorship under the name of Kinn Motors Marine ("Kinn"). He is an Oconomowoc-based dealer of Hobie Cat recreational boats manufactured by the defendant grantor, Coast Catamaran Corporation ("Coast"). On or about March 23, 1982, Coast granted a nonexclusive dealership in Kinn's territory to a second retailer known as Duchow Marine. Kinn sued Coast in Waukesha County Circuit Court on May 25, 1982, alleging that this appointment of a second dealer in Kinn's territory violated provisions of Chapter 135, Wis. Stat. Kinn likewise sought a preliminary injunction enjoining Coast's appointment of Duchow Marine. On June 2, 1982, the case was removed by Coast to this court where it now rests under diversity jurisdiction.

Before being transferred to me on February 7, 1983, this case came on for hearing before the Honorable Myron L. Gordon on the plaintiff's motion for a preliminary injunction. On October 29, 1982, Judge Gordon denied Kinn's request for injunctive relief on the ground that he had not demonstrated a likelihood of succeeding at trial on the merits.

Coast moved for summary judgment on July 29, 1983. Summary judgment under Fed.R.Civ.P. 56 is appropriate only when it is perfectly clear that there exists no genuine dispute either as to the material facts or as to conclusions to be drawn from those facts, and that on the basis of those evidentiary facts the moving party is entitled to judgment as a matter of law. The moving party has the burden of proof, and the party opposing the motion is entitled to all favorable inferences which might be drawn from the facts. In the case at bar, Coast has satisfied its burden of proof and is entitled to a judgment of dismissal on the basis of the material, undisputed facts of record.

From 1973 to 1978, the parties to this lawsuit did business without a written contract. In 1978, the parties executed the first of their annual written dealership contracts. From 1978 through 1982, the year in question, Kinn's dealership was renewed each year by written contract. Paragraphs 2 and 3 of the 1982 agreement provided in pertinent part:

2. COAST CATAMARAN CORP. ("Hobbie Cat") hereby appoints

Kinn Motors Marine

650 E. Wisconsin Ave.

Oconomowoc, Wis. 53066

... ("Dealer") as a non-exclusive Authorized Retail Dealer of Hobie catamarans and catamaran parts and accessories (the "Products"). Dealer's territory for the resale of the products shall be

Oconomowoc/Milwaukee

Metro Area.

3. Dealer agrees that he will maintain the above retail outlet in the territory and understands that Hobie Cat will only ship to the above location address. Because of the importance of the Dealer's location to Hobie Cat, so long as this Agreement is in effect, Dealer cannot cease promoting and reselling the Products at the above location nor add additional locations without the prior written consent of Hobie Cat.

The contract also contained an integration clause as paragraph 22, which stated: "This Agreement embodies the entire agreement and understanding between the parties and supersedes all prior agreements."

Coast contends that Kinn's 1982 dealership agreement expressly and unambiguously appoints the plaintiff as a nonexclusive dealer. When a dealership agreement provides for nonexclusivity, furthermore, the appointment of a second nonexclusive

dealer within the territory of an existing dealer does not change the competitive circumstances of the dealership agreement contrary to Wis.Stat. § 135.03. *See Brauman Paper Co. v. Congoleum Corp.*, 563 F.Supp. 1, 3 (E.D.Wis.1981). Coast thus concludes that it is entitled to a judgment of dismissal as a matter of law based on these undisputed material facts.

Kinn, on the other hand, is not suing under the purported 1982 dealership agreement. Rather, he brings this action under the longstanding oral dealership understanding or contract between the parties, enforceable under Wis.Stat. § 135.02(2). This oral agreement commenced in 1973 and, Kinn believes, extended through 1982 when Coast appointed a competitor in Kinn's territory. Kinn argues that the parties were actually doing business under the oral contract from 1973 until 1982, and by appointing Duchow Marine in Kinn's territory, Coast substantially changed the competitive circumstances of the oral dealership agreement without good cause, contrary to Wis.Stat. § 135.03.

The terms of the oral contract, according to Kinn, are made clear by the entire course of dealing between the parties. Kinn directs the Court's attention to extrinsic evidence tending to show that prior to 1982 Coast led Kinn to believe that another dealer would not and could not be appointed in Kinn's territory.

Specifically, Kinn states that from 1973 until 1978, he was promised he would be the "only Hobie Cat dealer in the Oconomowoc and Milwaukee, Wisconsin area as long as [he] continued [his] existing level of performance." Kinn affidavit of June 19, 1982, at ¶ 3. He further asserts that he relied on these repeated promises, and he points out that, since 1978, the statement of policy found in Coast's dealership manual declares: "Hobie Cat [Coast] is totally dedicated to selling and distributing products only through independent, franchised and exclusive dealers."

When annual written contract renewals were instituted from 1978 through 1982, Coast's regional sales representative Pat Welsh told Kinn when the agreements were signed that no other dealers would come in as long as the quotas were met. Welsh deposition, at 3, 4. In fact, Kinn states that he specifically asked Welsh's successor, Jack Evans, about the effect of the term "non-exclusive" in the contract. According to Kinn, Evans told him that the words "did not mean that Coast Catamaran could or would appoint additional dealers in [Kinn's] territory." Kinn affidavit of June 19, 1982, at ¶ 4.

Thus, Kinn contends that the parties were doing business under an exclusive oral dealership contract. The written documents executed from 1978 until 1982 constitute evidence of such a relationship but do not alter the material terms of the dealership arrangement, at least until Coast appointed the second dealer contrary to the parties' understanding.

Although Coast denies having told Kinn that it did not have the right as dealership grantor to appoint another dealer in Kinn's territory, Coast insists that the contractual relationship of the parties is represented in the annual written contracts existing from 1978 until 1982. Coast asserts that these unambiguous and fully integrated documents define the relationship and bar Kinn from relying on any parol evidence to contradict the nonexclusivity provision of the contract.

Kinn's effort to rely on an oral dealership contract is without legal basis. From 1978 through 1982, the parties memorialized their undertakings in written contracts renewed annually. If the written instrument substantially altered the competitive circumstances of the prior oral understanding, then Kinn had one year within which to bring his chapter 135 action. *See* Wis.Stat. § 893.93(3)(b). Kinn chose instead to do business under five successive written dealership agreements and is now barred by the statute of limitations from suing under the oral agreement pursuant to Wis.Stat. § 135.03. In federal practice, Coast may raise the limitations defense by motion without specifically pleading it as an affirmative defense.

■ I further find that paragraph 2 of Kinn's 1982 dealership agreement is clear and unambiguous. The construction of a written instrument is a question of law. The words of that instrument are to be construed by the Court in accordance with their usual, common, and ordinary meaning. *See Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 355 (7th Cir.1982). The plain meaning of the language used controls "even though the parties may have placed a different construction on it." *State ex rel. Siciliano v. Johnson*, 21 Wis.2d 482, 487, 124 N.W.2d 624, 626–27 (1963), *quoted in Wisconsin Real Estate Investment Trust v. Weinstein*, 712 F.2d 1095, 1099 (7th Cir.1983). The 1982 dealership agreement, like the preceding written contracts, expressly appoints Kinn as a nonexclusive dealer of Coast products for the Oconomowoc/Milwaukee Metro territory. The plain meaning of this language is that Kinn has a contractual right to sell or distribute Coast products in its designated area, and also that Coast, if it so desires, may appoint another dealer to share that territory. Kinn argues that the contract reasonably could be interpreted also to grant him exclusive dealership rights to a nonexclusive territory, thus allowing Coast to sell directly into the territory but not to appoint another dealer in that territory. This reading, however, turns the language of the contract on its head because the contract plainly refers to a nonexclusive dealer rather than a nonexclusive territory.

■ Coast, therefore, clearly and unambiguously appointed Kinn as a nonexclusive dealer in 1982. It is unnecessary to draw upon extrinsic evidence of the parties' intent to arrive at this understanding of the dealership agreement. Indeed, paragraph 22 of that contract designates the dealership document as the full and complete agreement, notwithstanding any prior understandings. The parol evidence rule therefore bars any consideration by this Court of prior oral communications between the parties for the purpose of modifying the written nonexclusive dealership agreement. The written contracts effectively displaced the prior oral understandings of the parties and are not simply evidence of the parties' pre-existing business relationship.

Kinn next argues that the 1982 dealership agreement was not really a contract at all. In the fall of 1981, when Kinn signed the document, the agreement described his dealership territories as the "Oconomowoc/Milwaukee Metro Area." When the agreement was signed by Coast and delivered to Kinn in the spring of 1982, Coast had modified the description of Kinn's territory by lining out the word "Milwaukee." Kinn objected to this deletion and brought this lawsuit. He now argues that Coast's unilateral alteration of his territory converted the 1982 document into a mere counteroffer that Kinn refused to accept.

Coast pleaded in its answer and argues to this Court that the crossing out of the word "Milwaukee" was a mistake and that it did not mean to deprive Kinn of his Milwaukee territory. John Schuch, the Coast employee who signed the agreement, made the change in the mistaken belief that other Coast personnel were recommending a reduction of Kinn's territory.

■ Even if Kinn is correct on this point, that the 1982 document was merely a counteroffer, he will not prevail. Assuming without deciding that the 1982 dealership "agreement" was not a contract, I find that the terms of the 1981 contract carried over into 1982 and governed the relations of the parties under the Wisconsin Fair Dealership Law. While the 1981 agreement purports to expire by its own terms at the end of the year, the parties continued to deal with each other in 1982 as before, as if the earlier agreement had been renewed. The 1981 contract, like the 1982 document, plainly confers a nonexclusive dealership on Kinn Motors Marine.

■ Kinn additionally contends that Coast's alleged oral promises that Kinn would be the sole dealer in Milwaukee and Oconomowoc should be enforced under the doctrine of promissory estoppel. That doctrine, adopted in Wisconsin in *Hoffman v.*

*Red Owl Stores, Inc.,* 26 Wis.2d 683, 133 N.W.2d 267 (1965), provides that a promise may be specifically enforced (1) when that promise is one which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character on the part of the promisee, (2) when the promise does induce such action or forebearance, and (3) when injustice can be avoided only by enforcement of the promise. The first two elements present questions of fact. Kinn claims to have developed the Milwaukee market and undertaken advertising and promotional activities in reliance upon Coast's statement that Kinn would remain the only dealer as long as Kinn continued its existing level of performance.

Kinn again attempts to rely on alleged oral promises made prior to a written contract that expressly nullifies those promises. In the circumstances of this case, however, the parol evidence rule does not permit Kinn to make use of those prior oral representations, and prevents him from raising a viable promissory estoppel argument. *See Wojciechowski v. Amoco Oil Co.,* 483 F.Supp. 109, 115 (E.D.Wis. 1980).

Finally, Kinn attempts to avoid the effects of the parol evidence rule by amending his complaint to add causes of action for fraudulent inducement and misrepresentation. These claims will be dismissed. Fraud cannot be predicated on statements or representations of things to be done in the future. *Federal Deposit Insurance Co. v. Lauterbach,* 626 F.2d 1327, 1334 (7th Cir.1980). To the extent that the additional allegations of fraud and misrepresentation rest upon Coast's alleged unfulfilled promise to retain Kinn as the sole Hobie Cat dealer, they are not actionable.

On the other hand, an unfulfilled promise is actionable for false representation when the promissor has a present intent not to perform. *Id.* Paragraph 17 of the proposed amended complaint alleges that Coast personnel had such an intent.

Nevertheless, I find nothing in the record to suggest that Coast representatives did not intend to perform at the time the alleged statements were made. Kinn does not raise a genuine issue of fact on this point.

On the basis of the material, undisputed facts of record, Coast is entitled to a judgment of dismissal as a matter of law.

THEREFORE, IT IS ORDERED that the defendant's motion for summary judgment is granted.