James O. DRIVER, Plaintiff-Appellant,

v.

Constance F. DRIVER, Constance J. Driver, Robert Driver and James O. Driver, Jr., Defendants-Respondents.

Court of Appeals

*No. 82–2393. Submitted on briefs February 13, 1984.—Decided April 25, 1984.*
(Also reported in 349 N.W.2d 97.)

For the plaintiff-appellant the cause was submitted on the briefs of *Roger G. Schnitzler* and *Van Metre, Hanson, Clarke, Schnitzler & Meyer* of Madison.

For the defendants-respondents the cause was submitted on the brief of *Carl W. Ross* and *Kittelsen, Barry, Ross and Wellington* of Monroe.

Before Gartzke, P.J., Dykman, J. and Rudolph T. Randa, Reserve Judge.

DYKMAN, J.  James O. Driver appeals from a summary judgment. The trial court held that appellant raised no relevant factual issues, that his attempted amendments to the bylaws of the United Telequipment Corporation were invalid because contrary to statute, and that respondents' actions in adding themselves to the corporation's board of directors and removing appellant as president were valid. We affirm the judgment.

Prior to July 1982, appellant was the president and sole director of the United Telequipment Corporation. All the shares of the corporation were owned by appellant, respondents, who are members of appellant's family, another relative of the Drivers, and two employees of the corporation. Appellant owned 2,250 shares, the other members of the family each owned 2,000 shares, and the employees each owned 675 shares.

In February 1982, respondent Constance F. Driver called a special meeting of the shareholders to amend the corporation's bylaws to increase the number of directors and to revoke the board's power to amend the bylaws.

Appellant countered with notice of a special meeting to amend the bylaws to prevent the number of directors from being changed for five years, unless a majority of the shareholders, including appellant, approved the change. The shareholders met, but no amendments were passed.

On April 1, 1982, appellant, acting as the director, amended the bylaws without notice to the other shareholders. The amendments are as follows (new material emphasized) :

1. *Board of Directors.* The Board of Directors of United Telequipment Corp. shall consist of one person, *who shall be the president of this corporation, elected by the Board of Directors,* who shall have the authority provided by law acting in the capacity of the Board of Directors. . . .

. . . .

3. *Special Meetings.* Special stockholders' meetings may be held *upon call of the President of this corporation or by the stockholders, providing those calling the meeting shall include the holder of the largest number of shares of this corporation,* upon 48 hours' prior notice being given in person or by telegraphing or depositing the same in the mail, addressed to each stockholder at his address as set forth in the records of the corporation.

. . . .

15. *Amendments.* Save for any provisions that may be otherwise specifically restricted by unanimous action of the shareholders, these bylaws may be amended, altered, or repealed at any regular or special meeting of the stockholders of this corporation by a vote of a majority attending, *provided those stockholders voting to amend, alter or repeal these bylaws shall include the holder of the largest number of shares of this corporation,* or by the Board of Directors.

On July 6, 1982, Constance F. Driver called a special meeting of the shareholders for July 9 to amend paragraph 1 of the bylaws to provide for a five-member board of directors and to elect members of the board.

Notices were mailed or delivered by hand to each shareholder. Appellant was personally served with a notice on July 7 by an officer of the Monroe Police Department. He appeared at the meeting and objected to its being called, but left before any votes were taken. The remaining shareholders amended paragraph 1 as proposed and elected appellant and respondents to be the members of the board.

A meeting of the new board of directors was held July 13, 1982. Appellant did not attend. The board repealed appellant's April 1 amendment to paragraph 3 of the bylaws, removed him as president of the corporation, and elected Constance J. Driver as president, Robert Driver as vice president and Constance F. Driver as secretary/treasurer.

Appellant commenced an action against respondents, alleging that the July 9 special meeting of shareholders was invalidly called because he had not participated in the call. He requested a temporary injunction against respondents and a declaratory judgment that the meeting was improper and that he was the duly elected and acting president, chief executive officer and sole director of the corporation. Respondents counterclaimed for a temporary injunction against appellant and a declaratory judgment that the meeting was proper and that they were the duly elected officers of the corporation.

The trial court granted summary judgment for respondents. It held that appellant's amendment to paragraph 3 was invalid because it conflicted with sec. 180.-23(3), Stats.; that appellant's amendment to paragraph 15 was invalid because it conflicted with sec. 180.22; and that as a director, appellant had a fiduciary duty to the other shareholders and could not use his position to entrench himself and perpetuate his own control.

*Existence of Factual Issue*

Appellant contends that the trial court's grant of summary judgment was error, because he raised a factual

issue as to whether he received timely notice of the July 9 meeting. Under paragraph 3 of the bylaws, shareholders must receive the notice 48 hours in advance of the meeting. The trial court "found" that appellant had received timely notice.[1]

Summary judgment will be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Sec. 802.08(2), Stats. When reviewing the trial court's decision on a motion for summary judgment, we apply the same analysis as the trial court. *Heinz Plastic Mold v. Continental Tool,* 114 Wis. 2d 54, 57, 337 N.W.2d 189, 191 (Ct. App. 1983). That analysis is as follows:

The court must initially examine the pleadings to determine whether a claim has been stated and whether a material issue of fact is presented. If the complaint states a claim and the pleadings show the existence of factual issues, the court examines the moving party's . . . affidavits or other proof to determine whether the moving party has made a *prima facie* case for summary judgment under sec. 802.08(2). . . . If the moving party has made a *prima facie* case for summary judgment, the court must examine the affidavits and other proof of the opposing party . . . to determine whether there exists disputed material facts, or undisputed material facts from which reasonable alternative inferences may be drawn, sufficient to entitle the opposing party to a trial.

*Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473, 476–77 (1980).

Appellant contends that a factual issue ·exists as to whether he received timely notice of the July 9 meeting.

[1] On summary judgment the court does not decide issues of fact; it decides whether there is an issue of fact. *Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473, 477 (1980). It cannot decide issues of fact because no evidence is presented on which to base the findings. It is helpful to the parties and the appellate court when the trial court states its reasons for granting or denying the motion, but findings of fact are inappropriate when ruling on a motion for summary judgment.

Since the meeting was called for 10:00 a.m. on July 9, the notice had to be served by 10:00 a.m. on July 7 in order to be valid. The timeliness of the notice was not made an issue by the pleadings or by the affidavits, however. None of the parties states anywhere what time the notice was served.

Appellant claims that he raised the issue of timeliness in his brief to the trial court.[2] His "raising" of the issue consisted merely of a statement that respondents' affidavits did not allege that the notice *was* timely. Pointing out that respondents did not allege timely notice does not raise a factual issue regarding the time notice was served.

Appellant's argument below attacked the sufficiency of respondents' affidavits, not the timeliness of the notice. A party moving for summary judgment is not required to controvert every possible defense the opponent might raise to a claim. It was appellant's burden to place the timeliness of the notice in issue by stating in his affidavits that the notice was late. He did not do so. We will not review a claim not raised before the trial court. *State v. Dean,* 105 Wis. 2d 390, 402, 314 N.W.2d 151, 157–58 (Ct. App. 1981). We follow this rule, even though we apply the same analysis as the trial court, for reasons of judicial economy. Were we to permit the equivalent of a bypass of the circuit court on motions for summary judgment, the court of appeals would become the initial court to address the merits of these motions.[3]

---

[2] The record does not show that the timeliness issue was raised before the trial court. We have no transcript of the motion hearing. At the hearing, the trial court ordered the parties to submit all additional documents by August 20. Appellant's brief was not filed until August 23. The trial court's memorandum decision granting summary judgment was also filed August 23.

[3] Respondents attempted to meet appellant's arguments as to timeliness by filing affidavits after the trial court's memorandum

*Amendment to Paragraph 3*

Appellant contends that the call of the July 9 special meeting was invalid under paragraph 3 of the bylaws because he did not join in the call. The trial court held that paragraph 3 was invalid because it conflicted with sec. 180.23(3), Stats. It concluded that the meeting was properly called. Section 180.23(3) provides:

Special meetings of the shareholders may be called by the president, the board of directors, the holders of not less than one-tenth of all the shares entitled to vote at the meeting or by such other officers or persons as may be provided in the articles of incorporation or the bylaws.

Paragraph 3 conflicts on its face with sec. 180.23(3), Stats., because it eliminates the shareholders' right to call special meetings unless appellant concurs with the call.

Appellant argues that paragraph 3 means that he must join in calls only for special meetings to be held on 48 hours' notice. He asserts that the other stockholders may call special meetings on ten days' notice, as provided in sec. 180.24, Stats.[4]

"[T]he principles which govern the construction of contracts also govern the construction and interpretation of corporate bylaws. . . . [W]here the terms of a contract are plain and unambiguous, the duty of the court is to construe it as it stands, giving effect to the plain meaning of the language used. . . ." *State ex rel. Siciliano v. Johnson*, 21 Wis. 2d 482, 487, 124 N.W.2d 624, 626–27 (1963) (citations omitted).

---

decision was filed. Because this practice also raises new issues in this court, we decline to consider those affidavits.

[4] Section 180.24, Stats., provides in part:

Written notice stating the place, day and hour of the meeting and in case of a special meeting, the purpose or purposes for which the meeting is called, shall be delivered not less than 10 nor more than 50 days before the date of the meeting (unless a different time shall be provided by this chapter, the articles of incorporation or the bylaws), either personally or by mail. . . .

The terms of paragraph 3 are plain and unambiguous: special meetings may be called by the stockholders on 48 hours' notice, but may be called only if appellant consents. Paragraph 3 does not indicate that any alternative method of calling special meetings is contemplated.

Further, documents in the record indicate that in fact, no alternative method was contemplated. Appellant alleged in his complaint, his affidavit supporting the motion for a temporary injunction, and his affidavit opposing summary judgment that under the corporation's bylaws, special meetings could not be called without his participation. Also, paragraph 3 was amended at the same time as paragraph 1, which permanently installed appellant as the president and the board of directors, and paragraph 15, which prevented further amendment of the bylaws without appellant's consent. The amendment to paragraph 3 was part of an attempt by appellant to consolidate power in himself. It is invalid under sec. 180.23(3), Stats. The July 9 meeting was validly called even though appellant did not participate in the call.

*Amendment to Paragraph 15*

Appellant contends that the shareholders' July 9 amendment to paragraph 1 of the bylaws was invalid under paragraph 15 because he did note vote in favor of it. The trial court held that appellant's amendment to paragraph 15 was invalid and that the July 9 amendment to paragraph 1 was properly adopted.

Section 180.25, Stats., regulates the voting of shares of a corporation. It provides in part:

(1) Each outstanding share, regardless of class, shall be entitled to one vote on each matter submitted to a vote at a meeting of shareholders, except to the extent that the voting rights of the shares of any class or

classes are enlarged, limited or denied by the articles of incorporation as permitted by this chapter. . . .

. . . .

The articles of incorporation are not of record, but appellant does not argue that he holds a different class of shares than the other shareholders. Section 180.25 (1), Stats., therefore controls, and each share is entitled to one vote.

Section 180.28, Stats., defines the votes required for an act of the shareholders:

If a quorum is present, the affirmative vote of the majority of the shares represented at the meeting and entitled to vote on the subject matter shall be the act of the shareholders, unless the vote of a greater number or voting by classes is required by this chapter, the articles of incorporation or the bylaws.

Paragraph 15 does not provide for the vote of a larger majority to amend the bylaws, because no majority would be large enough to pass an amendment if appellant were not part of it. Paragraph 15 therefore is invalid under sec. 180.28, Stats., because it attempts to redefine the act of the shareholders in a way not permitted by the statute.

Appellant argues that his amendment to paragraph 15 is a permissible veto power necessary to protect his minority interest. Every shareholder of the corporation holds a minority interest, however, and appellant has protected only his own. "A majority stockholder cannot take the position that his self-interest is superior to that of a minority stockholder; nor can directors and managing officers claim that their self-interest and self-protection are justification for denying the rights of a minority stockholder." *Grognet v. Fox Valley Trucking Service,* 45 Wis. 2d 235, 241, 172 N.W.2d 812, 816 (1969).

Appellant, as sole director of the corporation, had a fiduciary duty to the other shareholders in dealings which would affect their rights. *Id.* "[D]irectors 'cannot rightly manipulate the affairs of the corporation primarily with the design of securing the control of the corporation to one particular group of stockholders, or of excluding another group from the exercise of its corporate rights.'" *O'Leary v. Howard Young Medical Center,* 89 Wis. 2d 156, 168 n. 4, 278 N.W.2d 217, 221 (Ct. App. 1979) (citation omitted).

Appellant's amendment to paragraph 15 is invalid because it is contrary to sec. 180.28, Stats. The shareholders' amendment to paragraph 1, which created a five-member board of directors, was validly passed even though appellant did not vote for it. Appellant has not shown that disputed material facts or reasonable alternative inferences exist. The trial court properly granted summary judgment.

*By the Court.*—Judgment affirmed.