**EDWARD E. GILLEN COMPANY, a Wisconsin corporation, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

No. 86–2834.

United States Court of Appeals, Seventh Circuit.

Submitted April 17, 1987.*

Decided Aug. 3, 1987.

Lee J. Geronime, Michael Best & Friedrich, Milwaukee, Wis., for plaintiff-appellant.

Damon C. Miller, Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

CUMMINGS, Circuit Judge.

Plaintiff, the Edward E. Gillen Company, appeals from a final judgment dismissing its action against the United States brought under the Suits in Admiralty Act (46 U.S.C. § 741 *et seq.*) or, alternatively, the Public Vessels Act (46 U.S.C. § 781 *et seq.*). Plaintiff claims that defendant's negligence was responsible for the sinking of plaintiff's tugboat while it was towing a United States Coast Guard vessel, the U.S. C.G.C. *Westwind,* in Lake Michigan. Plaintiff's work on the U.S.C.G.C. *Westwind* was pursuant to a contract for plaintiff to repair the ship. That contract contained the following provision 17(c):

> The Contractor indemnifies and holds harmless the Government, its agencies

---

* This appeal was originally scheduled for oral argument on April 17, 1987, but prior to oral argument the parties agreed to submit it for decision based on the record and briefs.

and instrumentalities, the vessel and its owners, against all suits, actions, claims, costs or demands (including, without limitation, suits, actions, claims, costs or demands resulting from death, personal injury and property damage) to which the Government, its agencies and instrumentalities, the vessel or its owner may be subject or put by reason of damage or injury (including death) to the property or person of any one other than the Government, its agencies, instrumentalities and personnel, the vessel or its owner, arising or resulting in whole or in part from the fault, negligence, wrongful act or wrongful omission of the Contractor, or any subcontractor, his or their servants, agents or employees; *provided,* that the Contractor's obligation to indemnify under this paragraph (c) shall not exceed the sum of $300,000 on account of any one accident or occurrence in respect to any one vessel. Such indemnity shall include, without limitation, suits, actions, claims, costs or demands of any kind whatsoever, resulting from death, personal injury or property damage occurring during the period of performance of work on the vessel or within sixty (60) days after redelivery of the vessel....

Plaintiff sued the United States for $250,000, and the United States claimed that under provision 17(c) plaintiff's contributory negligence made plaintiff responsible for indemnifying defendant for up to $300,000 of the loss. Under this interpretation of provision 17(c), the United States owed no damages to plaintiff. The district court agreed with this interpretation and ruled on May 30, 1986, that if plaintiff were partially at fault for the sinking of the tugboat, then defendant would owe no damages. Plaintiff and defendant then entered a stipulation that "the plaintiff was negligent to an undetermined degree" in connection with the accident in question, and, accordingly, the district court entered summary judgment for defendant on October 30, 1986. We affirm.

It is well settled that contractual provisions relieving a party from the consequences of its own negligence are disfavored and must be strictly construed. *United States v. Seckinger,* 397 U.S. 203, 210–213, 90 S.Ct. 880, 884–886, 25 L.Ed.2d 224 (1970). The validity and construction of this written contract through which the United States was exercising its constitutional functions is a question of federal law. *Id.* at 209–210 and n. 12, 90 S.Ct. at 884 n. 12; cf. *Wisconsin Real Estate Inv. Trust v. Weinstein,* 712 F.2d 1095, 1099 (7th Cir.1983) (construction of written contract not turning on the parties' conduct is a question of law). In the present case, the district court found that the provision in question was clear, complete, and unambiguous and was not the result of an unfair, superior bargaining position of defendant. We agree that the mutual intention of the parties to shift ultimate responsibility for defendant's negligence to plaintiff "appear[s] with clarity from the face of the contract," *Seckinger,* 397 U.S. at 212, 90 S.Ct. at 885, and thus the district court properly accorded the provision that effect. Other courts have also interpreted similarly worded contractual provisions to require the contractor to indemnify the federal government for the government's own negligence. *Gibbs v. United States,* 599 F.2d 36, 39–42 (2d Cir.1979); *United States v. Hollis,* 424 F.2d 188, 189–191 (4th Cir. 1970). We adopt as our own the following relevant section of Chief Judge Warren's opinion of May 30, 1986:

### A. *Construction of Contract Provision 17(c)*

The plaintiff argues that provision 17(c) relates only to the plaintiff's liability to third parties because the word indemnify applies only to third parties. Courts will construe words of a document in accordance with their usual, common and ordinary meaning. [*Wisconsin Real Estate Inv. Trust v. Weinstein,* 712 F.2d 1095, 1099 (7th Cir.1983).] "The plain meaning of the language used controls 'even though the parties may have placed a different construction on it.'" *Id.* at 1099 (quoting *State ex rel. Siciliano v. Johnson,* 21 Wis.2d 482, 487, 124 N.W.2d 624, 626–27 (1963)).

The Court finds that provision 17(c) is clear, complete and unambiguous on its face. The clause states that the plaintiff agreed to indemnify and hold harmless the defendant against all suits arising from the total or partial negligence of the contractor up to $300,000. The contract also states that the indemnity includes any loss without limitation of any kind whatsoever. The provision explicitly applies to "all suits." It is inappropriate for the court to read in a clause, such as "all suits, except those brought by the contractor." The Court cannot add terms to an agreement.

In addition, the plaintiff cites no persuasive authority for the proposition that the terms "indemnify or hold harmless" only refer to third parties. Black's Law Dictionary defines "indemnity" as:

> A collateral contract or assurance, by which one person engages to secure another against an anticipated loss or to prevent him from being [damnified] by the legal consequences of an act or forbearance on the part of one of the parties or of some third person. Term pertains to liability for loss shifted from one person held legally responsible to another person.

Black's Law Dictionary 692 (5th ed. 1979).

The second issue of contract interpretation is whether the plaintiff is liable for the damages if the plaintiff's negligence contributed to the damage in any way. This issue was addressed by the Fourth Circuit in *United States v. Hollis*, 424 F.2d 188, 190 (4th Cir. [1970]). In *Hollis*, the court held that the clause "in whole or in part" negligent referred to the contractor's negligence in any degree. Likewise, provision 17(c) of the repair contract requires the plaintiff to indemnify and hold harmless the defendant for losses incurred "in whole or in part" by the plaintiff's negligence. Therefore, if the plaintiff is in any degree contributorily negligent, then the defendant is not liable.

In addition, the plaintiff states that the Court should not enforce provision 17(c) because the defendant should be held liable for its own negligence and because the defendant had a stronger bargaining position in contract negotiations. "Considering the variety of circumstances in which the courts allow recovery for [injury to a seaman] where [the] vessel is considered unseaworthy ... it is not surprising that the United States, as owner of the vessel, has attempted[,] through an indemnity provision, to limit its liability in situations where it is not solely at fault." *Id.* at 190–91.

In addition, the defendant did not absolve itself of liability from all losses; rather, it limited [plaintiff's obligation to indemnify to $300,000 for any single accident]. Finally, the plaintiff was not in a position of unequal bargaining power. If the plaintiff was knowledgeable enough to bid on the government contract and receive the contract, the plaintiff is certainly knowledgeable enough to understand the consequences of the contract. Therefore, the contract is enforceable against the plaintiff.

The judgment of the district court is affirmed.