COURT OF APPEALS
DECISION
DATED AND FILED

June 8, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.      **2019AP1284**

Cir. Ct. No. **2015CV6508**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

DR. ARTHUR DELAHOUSSAYE AND MELISSA DELAHOUSSAYE,

PLAINTIFFS-APPELLANTS,

V.

ECONOMY PREMIER ASSURANCE COMPANY AND FREDERICK BOELTER, III,

DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Milwaukee County: ELLEN R. BROSTROM, Judge. *Reversed and cause remanded for further proceedings.*

Before Brash, P.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Dr. Arthur Delahoussaye and Melissa Delahoussaye appeal the circuit court's order granting summary judgment in favor of Economy Premier Assurance Company and Frederick Boelter, III (collectively, "Boelter"). They argue that the circuit court improperly granted summary judgment dismissing this case because there are disputed issues of material fact with regard to their negligence action against Boelter. We reverse and remand for further proceedings.

¶2 On September 11, 2012, Arthur Delahoussaye, who is a competitive bicycle racer, was riding his bicycle at about twenty-six miles per hour when the front wheel of his bike released, his bike collapsed, and he sustained severe injuries. The Delahoussayes brought this action against Boelter, who sold Arthur the bike over the internet three years earlier. The Delahoussayes alleged that Boelter negligently removed the small tabs, known as "lawyer's tabs," at the end of the bike's front fork. The tabs serve as a secondary retention device for the front wheel. The Delahoussayes alleged that the absence of the lawyer's tabs caused or contributed to the front wheel of the bicycle disengaging from the front fork, which caused the accident. The Delahoussayes also alleged that Boelter negligently failed to warn him that he had removed the lawyer's tabs.

¶3 Boelter moved for summary judgment dismissing the action against him. In his deposition, Boelter denied removing the lawyer's tabs and denied knowing of their existence. Boelter testified that he is a recreational bicyclist, that he purchased the bike from Jeffrey Thompson, and that he used the bike about ten times over a period of five months before deciding that the frame was too big for him and selling it to Arthur.

¶4      Thompson was also deposed.  He testified that he was a competitive bike racer and that he used the bicycle for two racing seasons before selling it to Boelter.  He further testified that he did not remove the lawyer's tabs and that he originally purchased the bike from Specialized Bicycle Components, Inc.

¶5      The circuit court granted summary judgment in Boelter's favor, concluding that Boelter was entitled to judgment as a matter of law because there was no evidence showing that Boelter's alleged negligence caused Delahoussaye's accident.

¶6      "Summary judgment will be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  *Driver v. Driver*, 119 Wis. 2d 65, 69, 349 N.W.2d 97 (Ct. App. 1984); WIS. STAT. § 802.08(2) (2019-20).[1]  "We review a circuit court's decision to grant summary judgment *de novo*, applying the same methodology as the circuit court." *Fromm v. Village of Lake Delton*, 2014 WI App 47, ¶11, 354 Wis. 2d 30, 847 N.W.2d 845 (emphasis added).

¶7      "The first step of that methodology requires the court to examine the pleadings to determine whether a claim for relief has been stated."  *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987).  If a claim for relief has been stated, the inquiry then shifts to whether there are any disputed issues of material fact.  *Id.*  We examine the moving party's affidavits to determine whether they establish a prima facie case for summary judgment.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

3

*Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48 (Ct. App. 1994). If they have, "we then examine the opposing party's affidavits to determine whether there are any material facts in dispute which would entitle the opposing party to a trial." *Id.* at 372-73.

¶8      The Delahoussayes argue that the circuit court improperly granted Boelter's motion for summary judgment because there are material facts in dispute. They contend that whether Boelter removed the tabs is a question of credibility that the jury should determine. They also contend that the jury could reasonably infer that Boelter was negligent based on the doctrine of *res ipsa locquitur*. That doctrine provides that negligence may be inferred by a trier of fact when: (1) there is an accident of a type that does not ordinarily occur in the absence of someone's negligence; (2) the defendant must have exclusive control of the instrumentality that caused the accident; and (3) there must not have been any voluntary action on the part of the plaintiff that contributed to the action. *American Fam. Mut. Ins. Co. v. Dobryznski*, 88 Wis. 2d 617, 625-26, 277 N.W.2d 749 (1979).

¶9      We conclude that the affidavits and other materials produced in favor of and in opposition to the motion for summary judgment raise a material issue of fact for resolution by a trier of fact: whether or not Boelter removed the lawyer's tabs. Boelter contends that he did not remove them. A trier of fact could possibly find Boelter's testimony that he did not remove them incredible. Because there is a disputed issue of material fact, summary judgment should not have been granted.

        *By the Court*.—Order reversed and cause remanded for further proceedings.

4

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.