GROGNET, Appellant, v. FOX VALLEY TRUCKING SERVICE
and others, Respondents.

*No. 15. Argued November 26, 1969.—Decided December 19, 1969.*
(Also reported in 172 N. W. 2d 812.)

For the appellant there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *J. Robert Kaftan.*

For the respondents there was a brief by *Bollenbeck, Patterson, Froehlich, Jensen & Wylie* of Appleton, and oral argument by *Edward R. Bollenbeck.*

HALLOWS, C. J.   This suit was commenced by service of summons and an affidavit requesting an examination of the Toppins and Marvin Schnese, the bookkeeper of the company. Schnese also owns one share of stock and is a director and secretary-treasurer of the company. With the summons and affidavit was a notice of an adverse examination and a subpoena which required the production of corporate books and records covering the years 1960 to 1965 inclusive. The affidavits stated the purpose of the examination was to obtain information to allow the plaintiff to frame a complaint for the involuntary dissolution of the corporation for mismanagement and for other causes.

The record contains many affidavits and various preliminary motions prior to the motion for summary judgment. In the affidavits relating to the motion for summary judgment we are told that Grognet was formerly employed by the company and left its employment in 1963, and that he has offered to sell his stock. According to Toppins, this suit is an attempt to blackmail and

to coerce them to purchase Grognet's stock at an excessive price. Grognet complains he has not received any dividends on his stock while the Toppins have received salaries and have so mismanaged the company as to lead him to believe they are unfit to continue as directors and officers. There is no doubt that there is a serious disagreement between the parties over management and an impasse has been reached. Grognet argues the facts justify an involuntary liquidation of the corporation and it should be a *Fromm*-type of liquidation. *See Strong v. Fromm Laboratories* (1956), 273 Wis. 159, 77 N. W. 2d 389.

The facts relied upon for summary judgment are not in dispute. After Grognet attempted to examine the books and records, which examination he claims to be unsatisfactory, he attempted to adversely examine the Toppins and Schnese, all of whom refused to answer any question about the management of the corporation and took refuge in the fifth amendment on the ground that any answer by them would incriminate them. The question of whether the witnesses should answer was certified to the county court. While this issue was pending before the court, Grognet brought his motion for summary judgment, withdrew the certification and stood on the legal proposition that the refusal of the officers of the corporation to answer his questions on the ground of the fifth amendment amounted to an illegal and fraudulent act which entitled him to an involuntary dissolution of the corporation under sec. 180.771, Stats.[1] In

---

[1] "180.771 **Jurisdiction of the circuit court to liquidate assets and business of corporation.** (1) Circuit courts have power to liquidate the assets and business of a corporation:

"(a) In an action by a shareholder when it is established:

". . .

"2. That the acts of the directors or those in control of the corporation are illegal or fraudulent; or

"3. That the corporate assets are being misapplied or wasted; or

". . ."

this posture, the case was presented to the trial court and it is likewise presented to us on appeal.

The question presented is whether the refusal of the directors and officers of a corporation, who also own a majority of the stock in the corporation, to answer questions on an adverse examination concerning their acts as officers and directors on the ground that their answers might incriminate them constitutes an illegal and fraudulent act within the meaning of sec. 180.771, Stats. This section provides that circuit courts have the power to liquidate a corporation in an action by a stockholder when it is established "That the acts of the directors or those in control of the corporation are illegal or fraudulent."

Taking refuge in the fifth amendment is not an illegal or fraudulent act but it is conceivable that such action could be fraudulent in some circumstances if no basis exists for invoking the protection of the fifth amendment. But if a person is justified in seeking the protection of the fifth amendment then his act per se is neither illegal nor fraudulent aside from what inference might be drawn in a civil case from such action. It has long been recognized in Wisconsin that a person may invoke the fifth amendment in a civil case in order to protect himself from the use of such evidence against him in a subsequent criminal action. *Karel v. Conlan* (1913), 155 Wis. 221, 144 N. W. 266; see *Milwaukee v. Burns* (1937), 225 Wis. 296, 274 N. W. 273. However, in a civil case as distinguished from a criminal case, an inference of guilt or against the interest of the witness may be drawn from his invoking the fifth amendment. Since only one inference can be drawn logically in such a case, the court may as a matter of law draw such inference. But the granting of summary judgment is not mandatory upon the court which may prefer because of other reasons to hear all the facts. The trial court considered there were issues of fact to be resolved and too many conclusions

of law were pleaded in the complaint and in the affidavits to make a determination on affidavits. Whether this be true or not we think that in this case there should be a trial of the facts because the determination of the serious question of whether a successful corporation should be liquidated ought not to rest upon affidavits. Summary judgment is not an absolute right nor a "short cut to avoid a trial and to obtain quick relief at the expense of a searching determination for the truth." *Schandelmeier v. Brown* (1968), 37 Wis. 2d 656, 155 N. W. 2d 659; *Leszczynski v. Surges* (1966), 30 Wis. 2d 534, 141 N. W. 2d 261.

Grognet argues it is a hardship for him to be put to a trial when the defendants by invoking the fifth amendment prevent him from obtaining evidence. However, the trial court need not accept the claim of the fifth amendment by the defendants. It may make a limited examination of a witness claiming the fifth amendment to determine whether valid grounds exist for seeking shelter in the right. In the instant case the defendants were ordered to answer by the court commissioner and the questions were certified, but Grognet withdrew the certifications when he moved for summary judgment, preferring to stand on the proposition that the failure of Toppins and Schnese to answer on the ground of the fifth amendment was a sufficient reason for liquidating the corporation. It may well be that in view of the intimations in the explanation made by Toppins in their brief on this appeal that they had no valid basis for pleading the fifth amendment. We think on a remand of this case the certified questions should be answered by the trial court and Grognet be given the opportunity to amend the complaint if he desires.

The plaintiff is not without a remedy to prove the grounds for his relief if such grounds exist. If the defendants wrongfully refuse to give evidence within their knowledge of their actions, such action would amount

to the obstruction of the administration of justice and their answer may be stricken and a default judgment entered for such conduct. *See Hauer v. Christon* (1969), 43 Wis. 2d 147, 168 N. W. 2d 81; *Hovey v. Elliott* (1897), 167 U. S. 409, 413, 17 Sup. Ct. 841, 42 L. Ed. 215; *Hammond Packing Co. v. Arkansas* (1909), 212 U. S. 322, 29 Sup. Ct. 370, 53 L. Ed. 530; *Societe Internationale v. Rogers* (1958), 357 U. S. 197, 78 Sup. Ct. 1087, 2 L. Ed. 2d 1255.

The Toppins seem to have a misconception of their duties as directors, officers, and majority stockholders of a corporation to a minority stockholder. In their brief they make this startling statement:

"In the eyes of the defendants, it was completely proper for them to 'take the Fifth—crooks can do it every day and get away with it.' They were hot-headed. Hindsight might indicate they were also ill-advised."

A majority stockholder cannot take the position that his self-interest is superior to that of a minority stockholder; nor can directors and managing officers claim that their self-interest and self-protection are justification for denying the rights of a minority stockholder.

Directors and managing officers occupy the position of quasi trustees toward stockholders with respect to their shares of stock. Since the value of their shares and all their rights are affected by the conduct of the directors, it has been said that a trust relationship exists between the stockholders and the directors and from this relationship arises the fiduciary duties of the directors toward the stockholders in dealings which may affect the stock and the rights of the stockholders. *See* 3 Pomeroy, *Equity Jurisprudence* (4th ed.), p. 2514, sec. 1090. A majority of jurisdictions hold that a director is a trustee only as to the corporation itself, but the better rule, although a minority view, is that he is also a trustee for an individual stockholder. *See* 3 Fletcher, *Corporations*, p. 195, sec. 848. Wisconsin has long recognized

that directors are trustees for the stockholders. In *Timme v. Kopmeier* (1916), 162 Wis. 571, 575, 156 N. W. 961, it was stated that officers and directors of a corporation "occupy a position of trust and confidence and are considered in the law as standing in a fiduciary relation toward the stockholders and as trustees for them." They "are not permitted to use their position of trust and confidence to further their private interests." *See also McDermott v. O'Neil Oil Co.* (1930), 200 Wis. 423, 426, 228 N. W. 481; *Stoiber v. Miller Brewing Co.* (1950), 257 Wis. 13, 18, 42 N. W. 2d 144. In *McMynn v. Peterson* (1925), 186 Wis. 442, 467, 201 N. W. 272, it was stated: "This court . . . has firmly maintained that officers of a corporation must treat stockholders with fidelity and good faith." The California court has recently rejected the so-called majority rule that majority stockholders owe no fiduciary duty to the minority unless they possess information unavailable to the minority. *Jones v. H. F. Ahmanson & Co.* (1969), 1 Cal. 3d 93, 81 Cal. Rptr. 592.

It is also contended that the county court lacks jurisdiction to grant the relief requested because sec. 180.771, Stats., refers expressly to the circuit court having the power to liquidate a corporation. This section refers only to the circuit court but the plaintiff contends sec. 253.11 (1), provides that the county courts shall have concurrent jurisdiction with the circuit courts in civil actions and special proceedings excepting in actions for damages in which the sum in excess of $100,000 exclusive of interest and costs is demanded in the complaint. The Toppins point out several other sections of the statute where the circuit court apparently has exclusive jurisdiction, *i.e.*, secs. 32.05, 66.024 (1) (a) and (b) and 128.01. We do not reach this question because it was not raised at the trial level. This question, if raised, may be decided by the trial court on remand. If it is decided the county court does not have jurisdiction to grant the

relief requested, the case may be transferred to the circuit court under sec. 253.145. Likewise, we do not reach the question of the timeliness of the motion for summary judgment. That objection should have been made first in the trial court.

*By the Court.*—Order affirmed.