Shirley E. POLK, Plaintiff–Appellant,

v.

HERGERT LAND & CATTLE COMPANY, Donald Hergert, Dolores Hergert, and Alan Hergert, Defendants–Appellees.

No. 99CA1298.

Colorado Court of Appeals, Div. IV.

June 22, 2000.

Black, Allely, Ryon & Maus, LLP, Daniel S. Maus, Craig M.J. Allely, Denver, Colorado, for Plaintiff–Appellant.

Clanahan, Tanner, Downing & Knowlton, David M. Rich, Chad M. McShane, Denver, Colorado, for Defendant–Appellee Hergert Land & Cattle Company.

Kenneth S. Copple & Associates, P.C., Kenneth S. Copple, Fort Collins, Colorado, for Defendants–Appellees Donald Hergert, Dolores Hergert and Alan Hergert.

Opinion by Judge ROTHENBERG.

Plaintiff, Shirley E. Polk, appeals a summary judgment in favor of defendants, Hergert Land & Cattle Co. (Hergert Land), Donald Hergert, Dolores Hergert, and Alan Hergert (Hergerts), determining that the statute of limitations had run on Polk's claim seeking judicial dissolution of Hergert Land under § 7–114–301(2)(b), C.R.S.1999. We reverse and remand for further proceedings.

I.

Hergert Land is a closely held family corporation engaged in the business of agriculture. The Hergerts are the majority shareholders, directors, and officers of Hergert Land, and work the farm.

Donald and Dolores Hergert are married, and Alan Hergert is their son. Polk is Donald's sister, and a minority shareholder of Hergert Land. Polk and her brother Richard Hergert, another minority shareholder, filed this action on February 10, 1998, alleging that the Hergerts are engaging in illegal, oppressive, or fraudulent conduct and requesting that Hergert Land be dissolved.

After deposing Polk, the Hergerts moved for summary judgment, asserting that all of the alleged misconduct occurred before the three-year statute of limitations began to run on February 10, 1995. Polk responded with an affidavit filed by Richard Hergert, also a director of Hergert Land.

In the affidavit, Richard Hergert alleged several acts of misconduct within the limitations period including: (1) conflicts of interest and self-dealing related to the Hergerts' personal businesses; (2) intentional diminution of corporate assets after the filing of the lawsuit; and (3) an illegal $14,000 bonus paid to Donald Hergert.

The Hergerts responded with an affidavit by Donald Hergert, which refuted Richard Hergert's allegations. According to the Hergerts, many of the actions complained of

were business decisions protected by the business judgment rule.

The trial court granted the Hergerts' motion for summary judgment, concluding that the language of § 7–114–301(2)(b) did not exempt judicial dissolution actions from the statute of limitations, and further concluding that all of the actions complained of within the limitations period were "decisions made within the discretion of the corporation's shareholders and directors," and could not be characterized as illegal, oppressive, or fraudulent.

Only Polk appeals the trial court's judgment.

## II.

Polk contends that there are disputed issues of material fact concerning whether the Hergerts acted in an illegal, oppressive, or fraudulent manner within the period of the statute of limitations and, therefore, that the trial court erred in granting summary judgment. We agree.

### A. Standard of Review

■ Summary judgment should be granted only if there is no genuine issue as to any material fact, and the burden so to demonstrate is on the moving party. Appellate review of a summary judgment is *de novo. Westerman v. Rogers,* 1 P.3d 228 (1999)(1999 WL 569302).

A court must consider the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, in determining whether to grant a motion for summary judgment. *Westerman v. Rogers, supra.* The nonmoving party is entitled to all favorable inferences that may be drawn from the undisputed facts, and all doubts as to whether a triable issue of fact exists must be resolved against the moving party. *Van Alstyne v. Housing Authority,* 985 P.2d 97 (Colo.App.1999).

Once the moving party makes a convincing showing that there are no genuine issues of material fact, the opposing party must demonstrate with relevant and specific facts that a real controversy exists. The opposing party may not rest upon mere allegations or denials in its pleadings, but must provide specific facts demonstrating the existence of a genuine issue for trial. *Westerman v. Rogers, supra.*

### B. Judicial Dissolution

■ A corporation may be judicially dissolved in a proceeding brought by a shareholder if it is established that: "The directors or those in control of the corporation have acted, are acting, or will act in a manner that is illegal, oppressive, or fraudulent." Section 7–114–301(2)(b).

Neither the General Assembly nor the Colorado appellate courts has defined the term "oppressive" for the purposes of § 7–114–301(2)(b). We therefore look for guidance to other jurisdictions that have construed similar statutes allowing for judicial dissolution on the grounds of oppressive conduct.

The definition of oppressive conduct generally employed for the purpose of such a statute is:

> [B]urdensome, harsh and wrongful conduct; a lack of probity and fair dealing in the affairs of the company to the prejudice of some of its members; or a ... departure from the standards of fair dealing, and a violation of fair play on which every shareholder who entrusts his money to a company is entitled to rely.

*Jorgensen v. Water Works, Inc.,* 218 Wis.2d 761, 783, 582 N.W.2d 98, 107 (Wis.App.1998)(gathering cases).

This definition includes consideration of the reasonable expectations of minority shareholders. *Jorgensen v. Water Works, Inc., supra. See In re Kemp & Beatley, Inc.,* 64 N.Y.2d 63, 73, 473 N.E.2d 1173, 1179, 484 N.Y.S.2d 799, 805 (1984) ("Oppression should be deemed to arise only when the majority conduct substantially defeats expectations that, objectively viewed, were both reasonable under the circumstances and were central to the [plaintiff's] decision to join the venture.").

The definition of oppressive conduct is intended to be broad and flexible. In the context of a close corporation, oppressive conduct of those in control is closely related

to breach of the fiduciary duty owed to minority shareholders. *Jorgensen v. Water Works, Inc., supra.*

### C. Fiduciary Duty

■ The officers, directors, and controlling shareholders of a corporation have a fiduciary duty to act in good faith and in a manner they reasonably believe to be in the best interests of the corporation and all of its shareholders. *Michaelson v. Michaelson,* 939 P.2d 835 (Colo.1997).

■ The business judgment rule acts to protect from liability directors of a corporation acting in good faith. *Wolf v. Rose Hill Cemetery Ass'n,* 914 P.2d 468 (Colo.App. 1995). Nevertheless, even if a director is acting in good faith, the use of corporate funds for a director's personal benefit without repayment to the corporation constitutes a breach of fiduciary duty. It is not a legitimate corporate activity to give away corporate resources or divert funds from the corporation to officers and directors without lawful reason. *Rifkin v. Steele Platt,* 824 P.2d 32 (Colo.App.1991).

■ Whether a party acted in good faith is a question of fact which must be determined on a case by case basis. *Amoco Oil Co. v. Ervin,* 908 P.2d 493 (Colo.1995).

### D. Statute of Limitations

An action for breach of fiduciary duty between directors and shareholders is subject to the three-year statute of limitations set out in § 13–80–101(1)(f), C.R.S.1999. *Michaelson v. Michaelson,* 923 P.2d 237 (Colo. App.1995), *rev'd on other grounds,* 939 P.2d 835 (Colo.1997). The statute begins to run when the plaintiff's cause of action accrues. Section 13–80–101(1), C.R.S.1999.

■ A cause of action accrues when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence. Section 13–80–108(8), C.R.S.1999.

Because Polk filed this action on February 10, 1998, only claims based upon actions by the Hergerts that took place within the three-year period between February 10, 1995, and February 10, 1998, or later, fall within the applicable statute of limitations. We agree with the trial court that all of Polk's claims that were based on actions which took place before February 10, 1995, were time barred.

Polk was a director of Hergert Land until 1991, and she admitted at her deposition that she regularly received information about Hergert Land. Thus, the trial court properly concluded that she either knew about the allegedly improper actions of the Hergerts, or through the exercise of reasonable diligence, should have discovered such actions before the expiration of the limitations period. *See* § 13–80–108(8).

■ Contrary to Polk's contention, the "continuing violation" doctrine is inapplicable to these time-barred acts. Under that doctrine, if a defendant has engaged in a series of unlawful acts over an extended period, a plaintiff may be allowed to obtain relief for a time-barred act by linking it with an act that occurs within the limitations period. However, the continuing violation doctrine has been limited to discrimination cases. *See Harmon v. Fred S. James & Co.,* 899 P.2d 258 (Colo.App.1994).

■ We reach a different conclusion as to Polk's allegations that the Hergerts (1) were using corporate assets, including houses and feed lots, for personal use without compensating the corporation; (2) owned businesses which competed with the corporation, and contracted work for Hergert Land to their personal businesses; (3) were intentionally diminishing corporate assets; and (4) illegally distributed corporate profits as a $14,000 bonus to Donald, rather than as dividends.

All of these acts were alleged to have occurred within the period of the statute of limitations, and if true, these allegations would constitute a breach of the Hergerts' fiduciary duty to Polk and Hergert Land. *See Rifkin v. Steele Platt, supra* (it is a breach of fiduciary duty to use corporate assets for one's personal benefit without repayment to the corporation, or to divert funds to officers and directors without lawful reason).

A breach of the Hergerts' fiduciary duty to Polk would be evidence of oppressive conduct that could justify the judicial dissolution of Hergert Land. *See Jorgensen v. Water Works, Inc., supra. But see* Bahls, *Judicial Approaches to Resolving Dissension Among Owners of the Family Farm,* 73 Neb. L.Rev. 14 (1994) (because of the unique attributes of the family farm and the public policy favoring continuation of family farms, courts have often hesitated to dissolve them, especially farms operated as corporations; the better remedy is a forced buyout of the minority shareholder's interest in the farm, paid by installment if necessary).

The Hergerts deny that they have diminished or continue intentionally to diminish the corporation's assets. They maintain that none of the other actions complained of harmed Hergert Land, that such actions were taken for the good of the corporation, and that they contracted Hergert Land's business to their private enterprises because the arrangement was mutually beneficial and cheaper than contracting the business to third parties. The Hergerts further deny that their businesses compete with Hergert Land, and claim that the bonus and homes were legitimate compensation.

These assertions, however, only emphasize that there are disputed issues of material fact concerning actions within the limitations period, and that summary judgment is inappropriate. *See Van Alstyne v. Housing Authority, supra* (all doubts whether a triable issue of fact exists must be resolved against the moving party).

Nor does application of the business judgment rule justify summary judgment. That rule applies only to actions taken in good faith, *see Wolf v. Rose Hill Cemetery Ass'n, supra,* and the Hergerts' good faith is a disputed issue of fact. Whether their actions were protected by the business judgment rule cannot be resolved on summary judgment.

We therefore conclude that there are disputed issues of material fact regarding actions within the limitations period, and that the trial court erred in granting summary judgment.

In light of this conclusion, we need not consider Polk's remaining contention.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Judge MARQUEZ and Judge DAILEY concur.