Nicholas Christman and Robbie Dickerson, Plaintiffs-Appellants,
Eric Matus, Plaintiff-Co-Appellant,
Michael Bane, Plaintiff,
v.
Michael Galanton, Erin Kovac, a/k/a Erin Sweetman, Jeannine Field, Gayle Schultz, Kim Peters, Cindy Krueger, Andrew Patch, John Doe and Kenosha Human Development Services, Inc., p/k/a Kenosha Youth Development Service, Inc., Defendants-Respondents,
Kristina Magnuson, United National Insurance Company, West Bend Mutual Insurance Company and Kenosha County, Defendants.
No. 03-0240.
Court of Appeals of Wisconsin.
Opinion Filed: June 30, 2004.
Before Anderson, P.J., Nettesheim and Snyder, JJ.
¶1 PER CURIAM.
Nicholas Christman, Robbie Dickerson, and Eric Matus appeal from an order dismissing their claims against Kenosha Human Development Services, Inc. (KHDS) and seven individual employees of KHDS for damages resulting from sexually abusive conduct by former KHDS employee Kristina Magnuson.[1] We affirm the circuit court's summary judgment ruling that the action was not timely commenced because the statute of limitations was not extended under the psychotherapy provision in WIS. STAT. § 895.70 (2001-02),[2] and KHDS and individual defendants are not estopped from asserting the statute of limitations.
¶2 In 1995 Magnuson was employed by KHDS as a "teaching parent" at the Shelter Care Group Home. As juveniles, Christman, Dickerson, Matus, and Michael Bane were placed at the group home for various periods between May and November 1995. Each had contact with Magnuson. Each allege that during their time at the home Magnuson sexually battered them, including engaging in sexual intercourse with each either at the group home or other locations. The complaint alleges that Matus reported the sexual assault to KHDS employees in June and July 1995. It further alleges that each victim was unaware that any other person had disclosed or was subject to Magnuson's sexual assaults, that KHDS staff knew of Magnuson's conduct, that staff did nothing to prevent such conduct, that staff conspired to protect Magnuson from liability, and that staff violated WIS. STAT. § 48.981, a mandatory child abuse reporting requirement.
¶3 This action was commenced July 10, 2002. The first summary judgment motion for dismissal was filed July 25, 2002, by one individual defendant. The other individual defendants and KHDS followed with their motion for summary judgment on August 14, 2002. The motion was heard September 10, 2002. By a written decision entered December 10, 2002, the circuit court granted the motions for summary judgment, concluding that the individual defendants were not psychotherapists and that the action was not commenced within the applicable statute of limitations.[3]
¶4 We review summary judgments de novo and need not repeat here the often stated methodology for reviewing a summary judgment. Miller v. Luther, 170 Wis. 2d 429, 435, 489 N.W.2d 651 (Ct. App. 1992). Here we deal with a statute of limitations question. Even though there may be disputed facts as to the merits of the claims, summary judgment is appropriate if it is demonstrated by undisputed facts that the action was not filed within the applicable limitations period. Paul v. Skemp, 2001 WI 42, ¶9, 242 Wis. 2d 507, 625 N.W.2d 860.
¶5 First, however, we address the appellants' contention that the circuit court erroneously exercised its discretion in hearing the motion for summary judgment so early in the action. They claim they were not allowed adequate time to conduct discovery. The circuit court may grant a continuance on a motion for summary judgment under WIS. STAT. § 802.08(4). It is a discretionary determination. Jorgensen v. Water Works, Inc., 218 Wis. 2d 761, 772, 582 N.W.2d 98 (Ct. App. 1998). Although the appellants argued at the summary judgment motion hearing that there was a need for discovery, § 802.08(4) was not invoked and they made no showing by affidavit that they were unable to present facts essential to justify their opposition. Without the required affidavits in support of their request for a continuance, the circuit court did not erroneously exercise its discretion in hearing the motion for summary judgment before discovery was started. Van Straten v. Milwaukee Journal, 151 Wis. 2d 905, 920, 447 N.W.2d 105 (Ct. App. 1989). Additionally, the underlying complexity of the litigation which the appellants cite as justifying delay in hearing the summary judgment motion has no bearing on the statute of limitations question.
¶6 Generally, an action to recover for damages occasioned by an intentional tort must be brought within two years after the cause of action accrues. WIS. STAT. § 893.57. There is no dispute here that the appellants were minors when the assaults took place. Thus, the appellants were required to bring their action within two years of their eighteenth birthday. WIS. STAT. § 893.16(1). Each appellant was more than twenty years old on the date the action was commenced. Since the appellants were all over the age of twenty when the action was filed, their claims are time barred.
¶7 The appellants' complaint alleges that they are entitled to bring the action under WIS. STAT. § 895.70, pertaining to sexual exploitation by a therapist. If so, a three-year limitation period applies. WIS. STAT. §§ 893.585(1), 895.70(4). They further allege that they were unable to bring the action within the applicable period due to the effects of the threats, instructions or statements from Magnuson and thereby the limitation period is further extended. See § 893.585(2). However, on appeal the appellants do not challenge the circuit court's conclusion that none of the KHDS employees are therapists as defined in § 895.70(1), and that § 893.585 has no application. It is sufficient to say that we have reviewed the summary judgment record and it supports the circuit court's conclusion. We do not address the issue further.
¶8 The appellants contend that KHDS and the individual defendants are estopped from asserting a statute of limitations defense because their own fraudulent conduct prevented the plaintiffs from filing suit within the applicable time. They liken their situation to that in Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). In 1958, Daniel Bell was killed by a Milwaukee police officer who then planted a knife in Bell's hand to give the misimpression that the shooting was justified. Id. at 1214-16. The officer and others concealed the true nature of the shooting. Not until 1978, when one of the officers revealed to the district attorney that he had lied during the investigation and inquest regarding Bell's death, was the cover-up exposed. Id. at 1223. In 1979, Bell's relatives commenced a civil rights action. The court held that the defendants were estopped from asserting a statute of limitations defense because their own conduct had concealed the cause of action. Id. at 1231.
¶9 This is not a Bell case. In Bell, the victim was dead and unable to report on the circumstances surrounding the alleged wrongdoing. In contrast, the victims here are alive. Each knew he had been sexually assaulted by a KHDS employee, the precipitating event to all the claims. That each victim later came to know that other abuse had occurred did not make his individual claims more actionable. Cf. Doe v. Archdiocese of Milwaukee, 211 Wis. 2d 312, 344, 565 N.W.2d 94 (1997) ("in Wisconsin accrual of an action is not dependent upon knowing the full extent of one's injuries"). To estop a party from asserting the statute of limitations because of fraudulent conduct, the plaintiff must demonstrate that he or she failed to commence an action within the statutory period because of reliance upon the representation or acts of the defendant. State ex rel. Susedik v. Knutson, 52 Wis. 2d 593, 596-97, 191 N.W.2d 23 (1971). There is no allegation of any representation or act by the KHDS employees that was designed to conceal their own conduct (or lack thereof) or to prevent the appellants from commencing a lawsuit.
¶10 KHDS and the individual defendants are not estopped from asserting the statute of limitations. The action was not timely filed.
By the Court.Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.
NOTES
[1] Plaintiff Michael Bane is not a party to this appeal as he was not listed as an appellant on the timely notices of appeal filed to commence this appeal from the circuit court's December 20, 2002 order. Claims against the remaining named defendants were dismissed subsequent to the commencement of this appeal. Although an appeal was taken from that order of dismissal and consolidated with this appeal, that appeal was voluntarily dismissed before briefing was completed. See Christman v. Magnuson, No. 03-1825, unpublished order (WI App Nov. 26, 2003). The notice of appeal filed July 3, 2003, to commence appeal no. 03-1825 and which included Bane as an appellant, was not timely to commence an appeal on Bane's behalf from the final order entered December 20, 2002.
[2] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[3] The circuit court denied the motion for summary judgment as to plaintiff Bane's claims against KHDS. We do not discuss any claims related to Bane because he is not an appellant.